UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHANN ALEXANDER BASS a/k/a Johann Bass,

                Petitioner,

   v.                                              9:25-CV-1207
                                                    (ECC/TWD)
DANIEL F. MARTUSCELLO,

                Respondent.
_____

APPEARANCES:                                          OF COUNSEL:

JOHANN ALEXANDER BASS
Petitioner, pro se
174 Genesee Street
Apt. 2
Auburn, New York 13021

HON. LETITIA JAMES                                    ROBERT C. McIVER, ESQ.
Attorney for Respondent                               Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

**DECISION and ORDER**

**I.  INTRODUCTION**

      Petitioner Johann Bass seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits.[1]  Respondent was directed to answer the Petition.  Dkt. No. 2, Decision and Order ("September Order").  Shortly thereafter,

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1

petitioner filed the instant motion to "stay" his parole.  Dkt. No. 4, Motion; Dkt. No. 5, Response in Opposition; Dkt. No. 6, Reply.[2]  Respondent's answer deadline has been stayed, pending resolution petitioner's motion.  Dkt. No. 7, Letter Request (seeking extension of the answer deadline); Dkt. No. 8, Text Order (staying deadline).

For the reasons which follow, petitioner's motion is denied and respondent shall file an answer within thirty (30) days of this Decision and Order.

## II.   PENDING HABEAS PETITION

Petitioner's federal habeas action challenges his 2023 conviction from Cayuga County, pursuant to a guilty plea, for third degree robbery.  Pet. at 1-2; *People v. Bass*, 240 A.D.3d 1443, 1143-44 (4th Dep't 2025).  Petitioner argues that he is entitled to federal habeas relief because (1) "the state court decision denying petitioner's motion to vacate . . . is unreasonable based on the facts presented and violates petitioner's federal right to due process," Pet. at 5-12; (2) petitioner's counsel was constitutionally ineffective for "refus[ing] to file a motion to challenge false or mistaken material testimony at the state grand jury because he believed that the time had elapsed to do so[,]" *id.* at 13-15; and (3) "counsel failed to investigate petitioner's criminal history to correct the mistaken belief that a life sentence was required," *id.* at 16-18.

The undersigned performed an initial review, determining that "it [did not] plainly appear[] from the petition and any attached exhibits that the petitioner is not entitled to relief

---

[2] Petitioner's assumption that he was entitled to fie a reply to respondent's opposition to his motion was incorrect.  The Local Rules indicate that "[r]eply papers . . . are not permitted without the Court's prior permission."  N.D.N.Y.L.R. 7.1(a)(2). Petitioner did not request, let alone acquire, the required permission; therefore, the Court is not obligated to consider petitioner's reply.  However, the Court did read the reply and has found that, even considering its arguments, petitioner is not entitled to relief.

2

in the district court[.]"  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2243.  The undersigned concluded that the Petition was not immediately frivolous and, pursuant to Rule 4, directed respondent to file an answer.

### III. MOTION TO STAY PAROLE[3]

Petitioner's motion requests that his present period of parole be stayed pending the outcome of his habeas petition.  Dkt. No. 4 at 1, 7.  The Court construes this as a motion for release pending a determination on his federal habeas petition.

Federal courts have jurisdiction to grant release, through bail or other means, to habeas petitioners for the duration of their habeas action.  *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); see also *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978) ("The district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody.").  However, "the standard for [release] pending habeas litigation is a difficult one to meet: [t]he petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of [release] necessary to make the habeas remedy effective."  *Mapp*, 241 F.3d at 226 (internal quotation marks omitted).  "In short, [the court asks whether] . . . this case is distinguishable from other habeas corpus cases[.]" *Jackson v. Bennett*, No.

---

[3]  The briefing from both petitioner and respondent rely on 28 U.S.C. § 2251 for relief, which "expressly authorizes federal courts to stay state-court proceedings for any matter involved in the habeas corpus proceeding[.]"  *McFarland v. Scott*, 512 U.S. 849, 858 (1994) (internal quotation marks omitted).  In *McFarland*, the Supreme Court evaluated a situation where § 2251 was appropriately utilized: where "a capital defendant . . . invoke[s ]his right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel, and th[e] . . . district court . . . enter[s] a stay of execution . . . to give effect to [petitioner's] statutory right."  *Id.* at 859.

Here, neither party identified a pending state court proceeding that requires the Court's intervention.  Further, neither has the Court.  Petitioner's underlying state court criminal matters and subsequent challenges have all concluded and there is nothing pending regarding his current parole.  Accordingly, § 2251 is not the appropriate vehicle to provide petitioner with the relief he seeks.

1:01-CV-8971, 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002) (citing *Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) (quotations omitted)).

Here, Petitioner fears that the constitutional violations from his underlying state court criminal proceedings will continue, resulting in a potential parole revocation hearing and reincarceration. Dkt. No. 4 at 5-6; *see also* Dkt. No. 6 at 2-3 (explaining that his "conviction was obtained unconstitutionally, and Petitioner knows . . . that the Judge and District Attorney acted very vindictively, violating his Federal Constitutional rights and he does not trust them[.]"). Petitioner shares that, while he has a good relationship with his parole officer, he has had negative experiences during his parole. Dkt. No. 4 at 2-5. The first was when he received inconsistent information about the therapeutic interventions and education he is expected to participate in and complete. Dkt. No. 4 at 2-5; *see also* Dkt. No. 6 at 3 (arguing that "[a]ttending any necessary drug counseling is not the problem but such requirements must be based on a clinical need and not according to a forty-two-month-old evaluation," since "Petitioner is 100% drug free."). The second was the contradictory instructions on the financial support he could expect for his vocational training to facilitate his re-entry back into gainful employment and society. Dkt. No. 4 at 2-5.

Petitioner argues that he is entitled to release pending the duration of his habeas action because the Court's statement, that "it is not plainly apparent that petitioner is not entitled to relief," must "mean that the Court has identified one or more constitutional issues as well as other legal issues that will result in relief from the conviction and sentence." Dkt. No. 4 at 2. Consequently, "there is a likelihood of success." Dkt. No. 4 at 8.

4

However, petitioner has incorrectly conflated two different standards together.  Just because pleadings have not been deemed frivolous does not automatically render them meritorious.  Regardless, the undersigned need not determine whether petitioner has established a substantial probability of success on the merits of his habeas corpus claim because he has failed to demonstrate extraordinary circumstances which justify relief.

Petitioner primarily argues that "irreparable injury may arise when continued detention or restrictions on liberty impose significant harm that cannot be undone."  Dkt. No. 4 at 8.  Petitioner cites to cases, claiming that the potential of reincarceration constitutes such injury.  Dkt. No. 4 at 8-9.  Finally, petitioner contends that "because he has already served more than the minimum sentence set by the state court, the Respondent and . . . the People of the State of New York would suffer no injury if the Court issues an Order stopping Petitioner's Parole."  Dkt. No. 4 at 9.

Petitioner's conclusory arguments are unavailing.  Petitioner contends he should be granted release because he otherwise would be continually harmed – by remaining in custody on parole or, potentially, revocation and reincarceration – until his federal habeas petition is ultimately granted.  Petitioner relies on the contents of his pleading to demonstrate the validity of his habeas claims.  He provides no other facts or reasoning for said rationale.  However, "an alleged violation of a constitutional right does not constitute an extraordinary circumstance because such a circumstance does not, on its own, distinguish petitioner's case from other habeas cases."  See Calix v. United States, No. 1:20-CV-9680, 2024 WL 463541, at *5 (S.D.N.Y. Oct. 31, 2024) (quotation marks and citations omitted); see also Iuteri v. Nardoza, 662 F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and finding "nothing

unusual" about petitioner's argument that, "if the habeas writ is granted, it will mean that his incarceration . . . would have been without basis," given that "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful"). In fact, few cases have granted such extraordinary relief as release and include instances of severe health issues and the immigration detention of a United States Citizen. *See Calix,* 2024 WL 463541, at *5 (citing cases). Neither of those circumstances is present here.

In sum, "[p]etitioner has not made any showing that his is a 'special case' and that extraordinary circumstances exist such that release is necessary to make the habeas corpus remedy effective." *Cunningham v. Poole*, No. 9:06-CV-0659, 2007 WL 3353115 (LEK/GJD), at *2 (N.D.N.Y. Nov. 7, 2007). Accordingly, petitioner's motion is denied.

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's motion for release during the pendency of the habeas action, Dkt. No. 4, is **DENIED**; and it is further

**ORDERED** that the respondent shall file and serve an answer to the Petition,[4] within thirty (30) days of the date of this Decision and Order; and it is further

**ORDERED** that petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of respondent's answer. If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer and

---

[4] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Section XIII, Rule 1.1 of the Local Rules. Respondent shall mail copies of any cited decisions exclusively reported on computerized databases, *e.g.* Westlaw, Lexis, but he need not file copies of those decisions with the Court. N.D.N.Y. L.R. 7.1(b)(1).

memorandum of law in opposition to the Petition. This Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his Petition. If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon both parties in accordance with the Court's Local Rules of Practice.

DATED:   January 5, 2026

Syracuse, New York

Thérèse Wiley Dancks
U.S. Magistrate Judge